IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3019 |
| | ) | |
| V. | ) | |
| | ) | |
| CLARENCE D. HERGERT, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to my discussions with counsel on the record today regarding Clarence D. Hergert's (Hergert) Motion to Compel Government to Subordinate Lien to Permit Sale of Real Estate (filing no. 150),

IT IS ORDERED that:

1. No later than September 30, 2013, Hergert shall provide to counsel for the government and file in the court file the following documentation regarding the real estate which is the subject of this dispute:
   A. copies of the notes held by the Valley Bank and Trust Co., (the bank), regarding the real estate which is the subject of this dispute;
   B. evidence of the outstanding balances on the notes described above;
   C. copies of the security documents (such as deeds of trust or mortgages) held by the bank regarding the real estate which is the subject of this dispute;
   D. the title report for the property which is the subject of this dispute and upon which the title commitment was based; and
   E. a letter or other evidence from an independent and competent third party stating the present fair market value of the real estate which is the

    subject of this dispute, but such letter or other evidence need not be a formal appraisal.

2. No later than October 11, 2013, counsel for the government shall file a response in the court file stating whether the government will subordinate its lien in order to allow the sale of the real estate which is the subject of this debate to be consummated and the proceeds paid to the Valley Bank and Trust Co., and if not, why not.

3. The United States and Hergert are herewith notified that pursuant to Federal Rule of Criminal Procedure 32.1(c) the undersigned is contemplating a modification of the judgment (filing no. 110 at p.4 ¶ 3) to provide that Hergert will not be subject to a violation of probation for failing to make the restitution payments called for by the judgment and the civil settlement agreement between Hergert and the victim referenced in that judgment. Such a modification would not, however, set aside the judgment lien or restitution obligation or prohibit the government or the victim from enforcing the restitution obligation set forth in the judgment or the civil settlement agreement by civil proceedings. Since this modification would be favorable to Hergert, no further hearing is required. *See* Federal Rule of Criminal Procedure 32.1(c)(2)(B).

4. My chambers shall call this matter to my attention on October 15, 2013.

DATED this 18th day of September, 2013.

                                                 BY THE COURT:

                                                 *Richard G. Kopf*
                                                 Senior United States District Judge